## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **AMBER BOZEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 8:19-cv-03201** |
| | ) | |
| **STS MARKETING SERVICE, INC.** | ) | |
| **d/b/a SABRINA'S GULF COAST** | ) | |
| **WINDOW CLEANING,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, AMBER BOZEMAN (hereinafter "Plaintiff" or "Bozeman") and files her Complaint against Defendant, STS MARKETING SERVICE, INC. d/b/a SABRINA'S GULF COAST WINDOW CLEANING (hereinafter "Defendant" or "STS") and in support states the following:

### NATURE OF THE CLAIMS

1.    This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her sex, pregnancy, and disability leading to her unlawful termination.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Title VII claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

**THE PARTIES**

5.      Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Manatee County, Florida.

6.      Defendant is a Florida For Profit Corporation with its principal place of business in Bradenton, Florida.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**PROCEDURAL REQUIREMENTS**

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On April 9, 2019 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, pregnancy, disability, and retaliation.

10.     Plaintiff's Charge was filed within three hundred days after the alleged unlawful employment practices.

11.     On October 3, 2019 the FCRH issued to Plaintiff a Notice of Dismissal and the EEOC issued to Plaintiff her Notice of Right to Sue.

12.     This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Plaintiff was employed by Defendant for approximately thirteen months. Plaintiff was a full-time employee who regularly worked or exceeded forty (40) hours per week.

14.     During her employment with Defendant, Plaintiff work as both a receptionist and a sales person. Plaintiff was initially hired to work reception and was moved to the position of sales person in or around January 2018.

15.     Plaintiff learned she was pregnant and informed Defendant of her pregnancy in approximately May 2018.

16.     Defendant's discriminatory animus towards Plaintiff began upon learning of her pregnancy.

17.     Plaintiff did not request any workplace restrictions at that time.

18.     Plaintiff did notify Defendant of her intention to utilize maternity leave per the company's policy.

19.     Prior to informing Defendant of her pregnancy, Plaintiff had never been provided with any inclination that her performance was a concern and had never received a Performance Improvement Plan.

20.     Immediately following her notification to Defendant that she was pregnant, Defendant began issuing Plaintiff baseless Performance Improvement Plans. Performance Improvement Plans were issued on May 15th, May 20th, June 25th, July 2nd, July 27th, July 31st, August 14th, September 17th, September 22nd, and October 8th.

21.     In November 2018 Defendant informed Plaintiff that the company was changing her position again and transferred her to work in reception.

22.     When informing Plaintiff of the change in her position Frank Sweeney (Owner) informed her that he would have fired her already if she was not pregnant.

23.     Upon her transfer to reception, Plaintiff was issued an unfounded write-up on December 27, 2018. The write-up alleged Plaintiff violated Defendant's break policy as breaks are every two hours; however, Plaintiff did not take her first break until three hours after starting her shift.

24.     In January 2019 Plaintiff was taking a call from a customer and was going through the questions she was required to ask and input into the system. The customer became upset at Plaintiff's questions as the customer felt that information should already be in the system. Plaintiff politely continued to perform her job duties and acquire and confirm the information from the customer; however, the customer became irate and refused to continue to work with Plaintiff.

25.     Despite Plaintiff following policy and acquiring and verifying the information in a customer's file Defendant alleged that her behavior was rude and against policy and terminated her employment under pretext.

26.     On the date of her termination Plaintiff had a doctor's appointment relating to her pregnancy which Defendant was aware of and knew she needed to leave early to make. Mr. Sweeney intentionally waited until the end of Plaintiff's shift to call her into his office and took an

entire hour to terminate her employment intentionally making Plaintiff miss her appointment which was her final appointment before giving birth.

27.     When she was informed of her termination Plaintiff cried and informed Mr. Sweeney that she did not know what she was going to do as she was 37 weeks pregnancy. Mr. Sweeney laughed at Plaintiff and said, "I don't even feel bad for you."

### Count I: Sex Based Discrimination, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII as amended by the Pregnancy Discrimination Act of 1978

28.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-27 above.

29.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female including pregnancy and maternity.

30.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity, regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

31.     Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on her sex including pregnancy and maternity.

32.     Defendant intentionally discriminated against Plaintiff based on her sex including pregnancy and maternity.

33.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

34.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Sex Based Discrimination in Violation of Title VII

35.     Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-27 above.

36.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her pregnancy.

37.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her pregnancy regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

38.     Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on her pregnancy.

39.     Defendant intentionally discriminated against Plaintiff based on her pregnancy.

40.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Retaliation in Violation of Title VII

42.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

43.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

44.     Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

45.     Defendant's conduct violated Title VII.

46.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

47.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count IV: Disability Based Discrimination under the ADA

49.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

50.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

51.     Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

52.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

54.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

55.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

56.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count V: Retaliation under the ADA

57.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

58.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

59.     Defendant's conduct violates the ADA.

60.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

61.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

62.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count VI: Sex Based Discrimination in Violation of the FCRA

63.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

64.     At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex, female.

65.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

66.     Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her sex.

67.     Defendant intentionally discriminated against Plaintiff on the basis of her sex.

68.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count VII: Pregnancy Based Discrimination in Violation of the FCRA

70.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

71.     At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her pregnancy.

72.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

73.     Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her pregnancy.

74.     Defendant intentionally discriminated against Plaintiff on the basis of her pregnancy.

75.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

76.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count VIII: Handicap Based Discrimination in Violation of the FCRA**

77.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

78.     Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

79.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

80.     Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on his handicap.

81.     Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

82.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

83.     Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count IX: Retaliation in Violation of the FCRA

84.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

85.     At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

86.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he raised concerns about Defendant's discriminatory behavior.

87.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

88.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)      Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,
*/s/ Gabrielle Klepper*
Gabrielle Klepper
FL Bar No. 92815
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, FL 33609
Tel. (800) 965-1570 ext. 126
Fax (866) 580-7499
gabrielle.klepper@spielbergerlawgroup.com

*Attorney for Plaintiff*
